UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDA DENNIS,<br><br>          Plaintiff,<br><br>     v.<br><br>TULARE CITY SCHOOL DISTRICT, et al.<br><br>          Defendants. | No.  1:22-cv-00045-JLT-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. 5) |

     Plaintiff is employed as a bilingual aide with Cherry Avenue Middle School, which is located within the Tulare City School District.  Plaintiff brings this suit to challenge the constitutionality of Tulare City School District's COVID-19 policy, which requires all staff to submit verification that they are vaccinated against COVID-19 or to submit to free, weekly COVID-19 PCR tests.  This policy was crafted to comply with the California Department of Public Health's August 11, 2021 order that all K-12 schools must "verify vaccine status of all workers;" workers who are not fully vaccinated (or whose vaccination status is unknown) "are required to undergo diagnostic screening testing."  State Public Health Officer Order of August 11, 2021, California Department of Public Health, available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/Order-of-the-State-Public-Health-Officer-Vaccine-Verification-for-Workers-in-Schools.aspx.

     Plaintiff alleges that both taking the COVID-19 vaccination and submitting to regular

1

PCR testing are against her sincerely held religious beliefs.  She seeks injunctive and declaratory relief based on the allegation that TCSD's COVID-19 policy violates her First, Fourth, Fifth, and Fourteenth Amendment rights, as well as several provisions of California state law.

Plaintiff filed her complaint and a motion for a temporary restraining order on January 12, 2022.  (Docs. 1, 5.)  It is undisputed that the California Department of Public Health required that K-12 schools be in full compliance with its August 11 order by October 15, 2021.  Plaintiff was informed of this deadline in an August 23, 2021 email from TCSD.  (Doc. 1 at ¶¶ 30–35.)  Plaintiff claimed a religious exemption to TCSD's policy on September 24, 2021, (*Id*. at ¶ 42), and was informed on October 20, 2021 that she could refuse vaccination but would be put on unpaid leave if she also declined to take weekly COVID-19 tests.  (*Id*. at ¶ 49; Doc. 5 at ¶ 14; Doc. 5-1 at 19.)  Plaintiff then opted to take medical "stress leave" from October 22, 2021 until January 10, 2022 to avoid the weekly tests.  (Doc. 5 at ¶ 10; Doc. 5-1 at ¶¶ 18–25.)  She now requests that the Court issue a temporary restraining order staying TCSD's policy so that Plaintiff can return to work without being mandated to test for COVID-19.

Local Rule 231(b) provides:

> Timing of Motion. In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

The Court finds that the present record fails to explain why this case was not presented to the Court in a far timelier manner.  Plaintiff was informed about the policy in August 2021 and received confirmation on October 20, 2021 that she would not be eligible for an exemption from both the vaccination *and* the testing requirements.  The Court therefore finds that Plaintiff unduly delayed in seeking injunctive relief and accordingly denies the motion on that basis.

Should plaintiff determine it is appropriate to do so, she may file a properly noticed motion for preliminary injunctive relief.  The Court notes, however, that it has serious questions about whether injunctive relief is appropriate under the circumstances.  Notably, the predominant

damages Plaintiff alleges are lost wages and possible termination. (*See* Doc. 5 at 11). These are normally compensable by way of monetary relief and would not support a finding of irreparable harm. *See Johnson v. Brown*, No. 3:21-CV-1494-SI, 2021 WL 4846060, at *25 (D. Or. Oct. 18, 2021) (denying similar request for injunctive relief because "lost wages and benefits can be calculated to an exact amount and are not speculative enough to warrant a temporary restraining order"). Moreover, in similar circumstances, other courts in this circuit have denied injunctive relief on public interest grounds. *See Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1181 (9th Cir. 2021) (denying similar request for injunctive relief, reasoning that "[t]he COVID-19 pandemic has claimed the lives of over three quarters of a million Americans"; that "[t]he record indicates that vaccines are safe and effective at preventing the spread of COVID-19, and that [a school district's] vaccination mandate is therefore likely to promote the health and safety of . . . students and staff, as well as the broader community") (internal quotations and citations omitted). Consequently, the motion for a temporary restraining order is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 13, 2022**

UNITED STATES DISTRICT JUDGE

3