James D. Weakley, Esq.          Bar No. 082853
Leslie M. Dillahunty, Esq.      Bar No. 195262
David González, Esq.            Bar No. 333121

WEAKLEY & ARENDT
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile:  (559) 221-5262
Jim@walaw-fresno.com
Leslie@walaw-fresno.com
David@walaw-fresno.com

Attorneys for Defendants, Tulare City School District, Jennifer Marroquin, Ira Porchia, Phillip Pierschbacher, and Cherry Ave Middle School

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Guida Dennis,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Tulare City School District,<br>County of Tulare,<br>Jennifer Marroquin,<br>Ira Porchia,<br>Phillip Pierschbacher,<br>Cherry Ave Middle School,<br>&<br>Does 1-100<br><br>　　　　Defendants.<br>_____ | CASE NO. 1:22-CV-00045-JLT-BAM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date: April 6, 2022<br>Time: 9:00 a.m.<br>Ctrm: 4, 7th Floor<br>The Honorable Jennifer L. Thurston<br><br><br><br><br>Complaint Filed: January 11, 2022<br>Trial Date: TBA |

The following memorandum of points and authorities is hereby submitted by Defendants, Tulare City School District, Jennifer Marroquin, Ira Porchia, Phillip Pierschbacher, and Cherry Ave Middle School in support of their motion to dismiss Plaintiff Guida Dennis' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(b)(7), and Fed. R. Civ. P. 19.

### I. INTRODUCTION

Plaintiff's Complaint suffers from incurable challenges, including, among others Eleventh Amendment immunity, failure to join indispensable parties, and seek relief contrary to a longstanding case law upholding vaccine mandates in K-12 public schools.

Specifically, Plaintiff's First, Second, and Third causes of action against Defendants are barred by the doctrine of sovereign immunity as provided by the Eleventh Amendment. Additionally, Plaintiff's claims, which seek to strike down the State's COVID vaccine, weekly diagnostic screening testing requirement, and other standard COVID safety protocols, fail to name indispensable parties such as the Governor's Office and the California Department of Public Health; thus, it warrants dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19.

Finally, Plaintiff's inclusion of the individual defendants (Jennifer Marroquin, Ira Porchia, Phillip Pierschbacher in their official capacities) and Defendant Cherry Ave Middle School in this action are redundant and unnecessary as a judgement against Defendant Tulare City School District would necessarily apply to those parties without those parties being named defendants in this action.

Based on the foregoing reasons, the Complaint and the below legal arguments, Defendants respectfully request that this Honorable Court dismiss the entire action without leave to amend.

## II. FACTUAL BACKGROUND

Plaintiff is currently employed as a Bilingual Aide at Cherry Ave Middle School, a K-12 public school and a subsidiary of the Tulare City United School District. Pl.'s Compl. ¶¶ 21, 22.

Specifically, Plaintiff alleges that in response to Federal and State vaccination mandates, Defendant County of Tulare through its Board of Supervisors and Defendant Tulare City School District through its Board of Trustees requested that the Governor's Office, California Department of Public Health, and other applicable state officials delegate local school board autonomy in establishing COVID mitigation and standard safety protocols in the form of resolutions. Pl.'s Compl. ¶¶ 24, 25, 26, 37, 39.

Furthermore, Plaintiff alleges that individual defendants, Jennifer Marroquin, Ira Porchia, and Phillip Pierschbacher, as school officials, continued to enforce the State's order of August 11, 2021 that required, in part, all K-12 public schools to verify vaccine status of all workers pursuant to the California Department of Public Health Guidance for Vaccine Records Guidelines & Standards. In addition, the order, in part, required asymptomatic unvaccinated or incompletely

vaccinated workers to undergo diagnostic screening testing with either an antigen or molecular tests at least once a week. Pl's Compl. ¶¶ 30, 31, 32, 33, 34, 35, 40.

On September 23, 2021, Plaintiff alleges that Defendant Jennifer Marroquin contacted Plaintiff to verify Plaintiff's vaccination status. Pl's Compl. ¶¶ 40, 41.

On September 24, 2021, Plaintiff alleges that Plaintiff told Defendant Jennifer Marroquin that Plaintiff was going to submit a religious exemption to the policy and refused to disclose her medical history. Pl's. Compl. ¶ 42.

On October 12, 2021, Plaintiff alleges that Plaintiff met with Defendant Ira Porchia and Plaintiff was told that if Plaintiff did not comply with the State's order of August 11, 2021 Plaintiff would be placed on administrative leave and eventually terminated. Pl's. Compl. ¶ 47.

On October 20, 2021, Plaintiff alleges that Plaintiff presented a letter to Defendant Phillip Pierschbacher in which, in part, Plaintiff sought exemption on the grounds that Plaintiff's compliance with the State's order of August 11, 2021 for vaccination and diagnostic screening testing violated her religious beliefs/creed. Pl.'s Compl. ¶ 50.

Thus, on January 11, 2022, Plaintiff filed the operative complaint seeking to strike down the State's order of August 11, 2021 as violative of the First, Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution and California Confidentiality of Medical Information Act pursuant Cal. Civ. C. § 56 *et seq.*

### III. AUTHORITY FOR MOTION

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is proper if there is either a lack of a cognizable legal theory or insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). On a motion pursuant to Fed. R. Civ. P. 12 (b)(6), the Court may accept as true the factual allegations in the Complaint, but conclusory allegations and unjustified factual inferences need not be accepted as true, and are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors of America v. Metro. Water Dist. of So. Cal.*, 159 F.3d 1178, 1181 (9th Cir. 1998).

///

///

# IV. LEGAL ARGUMENT

### A.   THE ELEVENTH AMENDMENT BARS PLAINTIFF'S FIRST, SECOND, AND THIRD CAUSES OF ACTION

The Eleventh Amendment to the United States Constitution provides that "the Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign States." U.S. CONST., amend. XI. The protection afforded by the Eleventh Amendment "encompasses not only actions in which the State is actually named as the defendant but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1977).

Here, Plaintiff alleges in Plaintiff's First Cause of Action that Defendants' COVID mitigation measures and enforcement of the State's order of August 11, 2021 violate Plaintiff's right to practice religions freely under the First Amendment when Defendants refused to grant Plaintiff a religious exemption. Plaintiff further alleges in Plaintiff's Second Cause of Action that Defendants violated her constitutional rights under the Fourth Amendment of the United States Constitution when Defendants' compliance with the State's order of August 11, 2021 required Plaintiff to submit to weekly diagnostic screening testing. Lastly, Plaintiff alleges under Plaintiff's Third Cause of Action that Defendants violated Plaintiff's constitutional rights to due process under the Fifth and Fourteenth Amendment when Defendants' compliance with the State's order of August 11, 2021 required Plaintiff to submit to weekly diagnostic screening testing or be subject to unpaid administrative leave.

Based upon various criteria, including the State's beneficial ownership of school districts funds and other property, schools districts share the State's immunity from suit. See, *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 254 (9th Cir. 1992); see also, generally, *Kirchmann v. Lake Elsinore Unified School Dist.*, 83 Cal.App.4th 1098 (2000). This immunity also extends to the school district's subsidiary i.e. a school in the district.

Because Tulare City School District is a public school district in California and Cherry Ave Middle School is a public school, both are considered arms of the State, and are shielded from suit

under the Eleventh Amendment, Defendants respectfully request the Court dismiss Plaintiff's First, Second, and Third causes of action without leave to amend.

### B. THE INDIVIDUAL DEFENDANTS AND DEFENDANT CHERRY AVE MIDDLE SCHOOL SHOULD BE DISMISSED AS REDUNDANT DEFENDANTS

"An official capacity suit 'represents only another way of pleading an action against an entity of which an officer is an agent.'" See, *Hartman v. California Dept. of Corrections*, 707 F.3d 1114, 1127 (9th Cir. 2013). Furthermore, local government officials, such as district officials, sued in their official capacities are "persons" under Section 1983 in cases where a local government entity are named in a lawsuit and the district official is named in official capacity only, the district official is a redundant defendant and may be dismissed. See, *Herrera v. City of Sacramento*, U.S. Dist. LEXIS 109119 (E.D. Cal. Aug. 2, 2013).

Plaintiff's Complaint is not clear as to whether individual defendants are being sued in their official capacity or in their individual capacity. In the event individual defendants are being sued in their official capacity, then there is simply no need to name the individual defendants in this action because Defendant Tulare City School District is already named as a defendant. There is also no need to name Cherry Ave Middle School as a defendant because it is a subsidiary of Tulare City School District. To the extent Plaintiff is successful in this action against Tulare City School District, the individual defendants and Cherry Ave Middle School would be subject to the same orders and judgment as if they were named in the lawsuit itself.

Thus, the inclusion of the individual defendants and Cherry Ave Middle School is a redundancy that can and should be eliminated.

### C. INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). When considering a claim of qualified immunity, courts typically engage in a two-part inquiry: (1) do the facts show the defendant violated a constitutional right; and (2) was the right clearly established at the time of the defendant's purported misconduct? *Delia v. City of Rialto*, 621 F.3d 1069, 1074 (9th Cir. 2010).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) quoting *Anderson v. Creighton*, 483 U.S. 633, 640 (1987). "The proper inquiry focuses on...whether the state of law [at the relevant time] gave 'fair warning' to the officials that their conduct was unconstitutional." *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002) quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

In the event that Plaintiff sued individual defendants in their individual capacity, individual defendants are entitled to qualified immunity. Here, individual defendants were charged by the California Department of Public Health to implement a COVID mitigation measures in full compliance of the State's Order of August 11, 2021. It is undisputed that COVID vaccines, diagnostic screening testing, and other standard safety measures are new and unprecedented in this State's history. There is no clearly established law holding the school officials liable under facts similar to the facts of this case. As such, individual defendants are entitled to qualified immunity.

**D.  DEFENDANTS' COVID MITIGATION MEASURES DO NOT VIOLATE PLAINTIFF'S RIGHTS UNDER THE CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT PURSUANT TO CAL. CIV. C. § 56 *ET SEQ.***

Plaintiff alleges that Defendants' enforcement of the State's order of August 11, 2021 violated Plaintiff's privacy rights under the California Confidentiality of Medical Information Act pursuant to Cal. Civ. C. § 56 *et seq*. when Defendants inquired as to Plaintiff's vaccination status.

Contrary to Plaintiff's allegations that Defendants seek to create "local regulations," Defendants are following the State's order of August 11, 2021 that required Defendants to implement a plan.

As such, Plaintiff has no privacy rights under Cal. Civ. C. § 56 *et seq*. as to her vaccination status.

**E.  PLAINTIFF'S FAILURE TO JOIN INDISPENSABLE PARTIES WARRANTS DISMISSAL OF THE COMPLAINT**

A party should be joined to an action pursuant to Fed. R. Civ. P. 19(a) when the Court

cannot award complete relief to the parties without joining the non-party or the non-party has a "legally protected interest" that would be impaired by a decision in the matter. *Paiute-Shoshone Indians v. City of Los Angeles*, 637 F.3d 993, 997 (9th Cir. 2011).

Specifically, Fed. R. Civ. P. 12(b)(7) provides that a suit may be dismissed where a plaintiff fails to join an indispensable party pursuant to Fed. R. Civ. P. 19. A motion to dismiss for failure to join an indispensable party must be granted where: (1) the Court determines that a nonparty should be joined under Fed. R. Civ. P. 19(a); (2) it is not feasible for the Court to order the absent party to be joined; and (3) the Court determines that the case cannot proceed "in equity and good conscience" without the absent party. See Fed. R. Civ. P. 19; *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010); See also, *Paiute-Shoshone Indians v. City of Los Angeles*, 637 F.3d 993, 997 (9th Cir. 2011).

To determine whether a party is an indispensable party for purposes of Fed. R. Civ. P. 19(b), the Court must further determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In making that determination, the Court must consider: (1) the extent that a judgment rendered in the parties' absence might be prejudicial to the unnamed party or the existing parties; (2) the extent to which a judgment can be shaped to avoid or lessen such prejudice; (3) whether a judgment rendered without the unnamed party will be adequate (essentially the question addressed immediately above); and (4) the adequacy of plaintiff's remedy if the action is dismissed. *Paiute-Shoshone Indians v. City of Los Angeles*, 637 F.3d 993, 997 (9th Cir. 2011); *American Greyhound II v. Hull*, 305 F.3d 1015, 1024 (9th Cir. 2002). Complete relief is "concerned...with relief as between the persons already parties...." *Eldredge v. Carpenters*, 662 F.2d 534, 537 (9th Cir. 1981 [quotation and citation omitted]).  Where the absence of a party would prevent the Court from fashioning meaningful relief, complete relief cannot be afforded the parties and joinder is appropriate. *National Fair Hous. Alliance v. A.G. Spanos Constr., Inc.*, 542 F.2d 1054, 1066-67, (N.D. Cal. 2008, citing *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (homeowners were necessary parties to action against builder because relief would require their cooperation due to being subject to judgment).

Here, the State agencies tasked with implementing and enforcing the COVID vaccine, COVID diagnostic screening testing, and other standard safety protocols in K-12 public schools, namely the Governor's Office and the California Department of Public Health, are indispensable parties to this action as Plaintiff seek to strike down the State mandated requirement that unvaccinated K-12 public school employees submitted to weekly diagnostic screening testing and comply with other standard safety protocols as outlined by the California Department of Public Health.

Plaintiff's requested relief does not seek to prevent Defendants in this case from enforcing the State's mandate but enforcement of the mandate statewide. Given the complete relief cannot be afforded with just a single district named in the lawsuit, the fact that the Court can and should dismiss the instant action pursuant to Fed. R. Civ. P. 12(b)(7) for Plaintiff's failure to join indispensable parties.

To the extent Plaintiff argues that Plaintiff is seeking relief as to Defendants only, the Court should disregard such argument as it belies the language in the Complaint itself, and the practical effect of striking down a vaccine mandate as unconstitutional as to a single district would have the same effect as if it had been struck down as to all. The State has a vested interest in defending the vaccine mandate and any judgment rendered in this action for Plaintiff would necessarily prejudice the State.

As such, Defendants respectfully request that the Court grant the instant motion.

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that its motion to dismiss be granted in its entirety.

DATED: March 1, 2022

WEAKLEY & ARENDT
A Professional Corporation

By:  /s/David González
James D. Weakley
Leslie M. Dillahunty
David González
Attorneys for Defendants, Tulare City School District, Jennifer Marroquin, Ira Porchia, Phillip Pierschbacher, and Cherry Ave Middle School

Memorandum of Points and Authorities
in Support of Defendants' Motion to Dismiss          8