1  Emilio R. D. Martinez
   State Bar Number: 343646
   Martinez Law Office
2  Muir Executive Center
   535 Main Street
3  Martinez, CA 94591
   707-251-9383
4  martinezemilio475@yahoo.com

5  Ramiro Rodriguez Castro
   State Bar Number: #88069
6  485 Bayshore Blvd, Suite 467, MB 206,
   San Francisco, CA 94124
7  415-885-1788
   rcastrolaw2@gmail.com
8  Attorney at Law

9  Howard Williams
   State Bar Number: #207242
10 910 Court St,
   Martinez, CA 94553-1731
11 925-257-2946
   howardwilliams@icloud.com

12

13 **IN THE UNITED STATES DISTRICT COURT**

14 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15  Guida Dennis, | ) Case No.: 1:22-CV-00045-JLT-BAM |
| | ) |
| 16          Plaintiff, | ) Plaintiff's Opposition to Defendant County of |
| | ) Tulare's Motion to Dismiss |
| 17  v.s | ) |
| | ) |
| 18          Defendants, | ) |
| | ) |
| 19  Tulare City School District, | ) |
| 20  County of Tulare, | ) |
|     Jennifer Marroquin, | ) |
| 21  Ira Porchia, | ) |
|     Phillip Pierschbacher, | ) **DATE: July 5, 2022** |
| 22  Cherry Ave Middle School, & | ) **TIME: 9:00 Am** |
|     Does 1-100 | ) **CTRM: 4, 7th Floor** |
| 23 | ) |

24          To all interested parties, by and through their duly executed representative: Plaintiff Guida

25 Dennis hereby submits her Opposition to Defendant County of Tulare's Motion to Dismiss

26 Complaint. Plaintiff opposes Defendants' Motion on the grounds that the Complaint does state a

27 cognizable legal theory and pleads sufficient facts to support it.  Plaintiff contends that Defendant's

28

motion to dismiss is wholly without merit or, alternatively, Plaintiff requests the court to deny only the specific portions thereof.

1

## ARGUMENT

2

3    **A.  Defendant County of Tulare Has Failed to Establish on the Pleadings that**
4    **Plaintiff Lacks a Cognizable Legal Theory.**

5             In their Motion to Dismiss, County Counsel argues that the "plain language" of Tulare
6    County Resolution 2021-0591 says that the resolution is "to express the County's support for local
7    decision making as to Covid-19 related safety protocols." [Motion to Dismiss 5:24-25]. First, the
8    plain language, quoted verbatim is support the "delegation of authority for *school* covid-19 safety
9    protocol to *local school boards*" [emphasis added]. The resolution goes on to pledge "support [to]
10   local school districts and their governing bodies in making determinations regarding school safety
11   protocols."

12            Second, even if County Counsel is not interpreting the resolution to mean that the County
13   was a "moving force" behind the TCSD's actions, TCSD apparently was. As alleged in the
14   Complaint, the TCSD cited the County's resolution as the legal support for their decision to
15   implement their mandatory vaccination policy. Complaint at ¶ 94. For example, specific reference
16   to the County Board of Supervisor's Resolution appears in the Tulare City School District's minutes
17   on August 10, before being adopted in nearly identical language on September 28, at which time,
18   not coincidentally, TCSD also began enforcing the Covid-19 policies that gave rise to Plaintiff's
19   complaint.

20            If the County's resolution was essentially for show, as County Counsel alleges, then why
21   reference it at all in TCSD Board meetings, let alone adopt a nearly verbatim version of that
22   resolution immediately before implementing their heavy-handed enforcement tactics that ultimately
23   resulted in Plaintiff's termination from employment? As County Counsel noted, at this early stage
24   of the proceedings, the Court is permitted to make reasonable inferences to answer this question,
25   and Defendants will have ample time to move to dismiss if outstanding questions are not adequately
26   answered through discovery.

27            Defendant intends, through the discovery process, to establish the reasoning behind both the
28   County Board of Supervisor's passing of the Resolution and the Tulare City School District's

1 | prompt parroting of that resolution with its own nearly-identical resolution immediately before the

2 | Constitutional rights-trampling enforcement of its Covid-19 policies. While that connection remains

3 | to be fully fleshed out through discovery, the facts alleged in the Complaint establish for purposes

4 | of the instant motion that both the County (via the Board of Supervisors) and the TCSD believed the

5 | County possessed significant ability to influence vaccination policy affecting Plaintiff, and TCSD

6 | publicly used the County's influence as legal support for its policy.

7

8

9 | **Conclusion**

10 | Based on the foregoing, Plaintiff respectfully requests that Defendants' motion to dismiss be

11 | denied in its entirety.

12 | Respectfully Submitted,

13

14

15

16 | _____                                      Dated: June 21, 2022

17 | Emilio Dorame-Martinez

18 | Martinez Law Offices

19

20

21

22

23

24

25

26

27

28

4